UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KALUP SOMARGE,

                    Plaintiff,

-against-

NEW YORK STATE REVENUE DEPARTMENT,

                    Defendant.

21-CV-1102 (CM)

ORDER DIRECTING PAYMENT OF FEE OR IFP APPLICATION

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff brings this action *pro se*.[1] To proceed with a civil action in this court, a plaintiff must either pay $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee – or, to request authorization to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

    Plaintiff submitted the complaint without the relevant fees for a civil action or an IFP application.[2] Within thirty days of the date of this order, Plaintiff must either pay the $402.00 in fees or submit the attached IFP application. If Plaintiff submits the IFP application, it should be labeled with docket number 21-CV-1102 (CM). If the Court grants the IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* § 1915(a)(1).

    The Clerk of Court is directed to send a copy of this order to Plaintiff and note service on the docket.[3] No summons shall issue at this time. If Plaintiff complies with this order, the action

---

[1] Plaintiff filed this action as a purported miscellaneous case. *See Somarge v. New York State Revenue Department*, ECF 1:21-MC-170, 1 (S.D.N.Y. Feb. 5, 2021). On February 5, 2021, Judge Valerie Caproni determined that Plaintiff's complaint did not fit any of the listed categories of miscellaneous matters, and directed the Clerk of Court to open the complaint as a new civil action. ECF 1:21-MC-170, 2.

[2] Plaintiff paid the $49.00 filing fee for the miscellaneous matter. ECF 1:21-MC-170, 1.

[3] As Plaintiff did not provide a physical or email address, the Clerk of Court may not be

shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:　March 26, 2021
　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　　　　　　　　　COLLEEN McMAHON
　　　　　　　　　　　　　　　　　　　　　　　　　Chief United States District Judge

---

able to send this order to him. Plaintiff must provide to the Court his address, and the Court may dismiss this action if he fail to do so.